IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM C. BIBBS, | : |
| Petitioner, | : |
| | : CIVIL ACTION |
| v. | : |
| | : NO. 14-5649 |
| STEVEN GLUNT, et al., | : |
| | : |
| Respondents. | : |

FILED
SEP 27 2016
LUCY V. CHIN, Interim Clerk
By_____Dep. Clerk

## ORDER

AND NOW, this 27th day of September 2016, upon careful and independent consideration of the petition for writ of habeas corpus, and after review of the thorough and well-reasoned Report and Recommendation of United States Magistrate Judge Lynne A. Sitarski, **IT IS HEREBY ORDERED** that:

1. Upon *de novo* review, petitioner's objections are **OVERRULED**;

2. The report and recommendation is **APPROVED** and **ADOPTED**;[1]

---

[1] Petitioner William C. Bibbs brings this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 12, 2016, United States Magistrate Judge Lynne A. Sitarski issued a Report and Recommendation, recommending that the petition be dismissed. Petitioner filed Objections to the Report and Recommendation on June 17, 2016. For the following reasons, I will overrule the Objections, approve and adopt the Report and Recommendation, and dismiss the petition with prejudice without an evidentiary hearing.

I will review *de novo* the portions of the Report and Recommendation to which petitioner objects and I may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Petitioner makes several objections, which I will address in turn.

First, petitioner argues that Judge Sitarski violated the "principle of party presentation," apparently, for granting the Commonwealth extensions of time to file reply briefs. (Pet.'s Written Objections to the Rep. & Rec. at 2–3 [hereinafter Objections]). The "principle of party presentation" is that "parties frame the issues for decision and the courts generally serve as neutral arbiters of matters the parties present." Greenlaw v. United States, 554 U.S. 237, 243 (2008). Petitioner's argument on this point is without merit because the record reflects that Judge Sitarski granted several extensions of time for both the Commonwealth and petitioner in order to fully develop the record for decision. Judge Sitarski did not stray from party presentation because the principles relied on in the Report and Recommendation were fully developed by both parties in their respective briefing. Contrary to petitioner's argument, the Commonwealth did not waive "any procedural default arguments" because the Commonwealth's very first response to petitioner's habeas corpus petition included a lengthy argument regarding procedural default and exhaustion. See Doc. No. 7-1 at 4–10.

Petitioner next objects to Judge Sitarski's finding that one of his ineffective assistance of counsel claims

1

was unexhausted. (Objections at 4–5). Petitioner contends that his ineffectiveness claim based upon trial counsel's failure to move to suppress pretrial identification evidence is exhausted because he "no longer has any right, under the law of the Commonwealth to raise his claim . . . ." (Id. at 5). This argument is misplaced because, for a claim to be "exhausted," it must complete "one round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). In Pennsylvania, one complete round includes presenting one's claims to appellate courts through direct appeal and appeal of a PCRA decision. Lambert v. Blackwell, 387 F.3d 210, 233–34 (3d Cir. 2004); see also Nara v. Frank, 488 F.3d 187, 198 n.18 (3d. Cir. 2007) (finding that petitioner had failed to exhaust his habeas petition because he did not raise his claim "to the Superior Court following the . . . [PCRA] proceeding"). Petitioner did not raise this ineffective assistance of counsel claim on appeal of the PCRA court's decision. (Doc. No. 7-7 at 1–14). Thus, petitioner's objection that this claim was not exhausted is overruled.

Petitioner objects, arguing that his claims were not procedurally defaulted since he has not "actually violated an applicable procedural rule." (Objections at 5). Specifically, he claims 42 Pa. Cons. Stat. § 9545(b) precluded him from filing a second PCRA petition and Pennsylvania Rule of Appellate Procedure 302 prevented him from raising his ineffectiveness claim on appeal. (Id.). This objection is unavailing for two reasons. First, Rule 302 did not prevent petitioner from raising his ineffectiveness claim on appeal. Rule 302 merely prevents litigants from raising issues for the first time on appeal. See Pa. R. App. P. 302(a). Second, it is precisely because petitioner cannot now return to state court that his ineffectiveness claim is procedurally defaulted. Keller v. Larkins, 251 F.3d 408, 415 (3d Cir. 2001).

In petitioner's next objection, he contends that the Report and Recommendation failed to identify "any state procedural rule, that can honestly be called a 'rule,' that provided Bibbs 'fair notice' of his need to follow it, or that he failed to follow it." (Objections at 6). However, the Report and Recommendation did recognize that petitioner waived this ineffectiveness claim because he failed to raise it on appeal following the PCRA court's decision. Upon *de novo* review, 42 Pa. Cons. Stat. § 9544(b) certainly put petitioner on fair notice that he would waive an issue if he did not raise it on appeal of his PCRA decision. Together, 42 Pa. Cons. Stat. § 9544(b) and § 9545(b)(1) provide independent and adequate state-law grounds for dismissal of petitioner's claim. Nara, 488 F.3d at 199.

Next, petitioner renews his argument under Martinez v. Ryan, 132 S. Ct. 1309 (2012), that he can establish "cause" to excuse his procedural default. (Objections at 8–9). However, petitioner fails to address that the Martinez exception does not apply to his PCRA appeal. See Norris v. Brooks, 794 F.3d 401, 404 (3d Cir. 2015). The Report and Recommendation explained this at length. Thus, petitioner's objections regarding "cause" are overruled.

Petitioner objects to Judge Sitarski's recommendation of denying an evidentiary hearing. (Objections at 9–11). Whether to grant an evidentiary hearing on petitioner's procedural default issue is a matter of discretion. Campbell v. Vaughn, 209 F.3d 280, 287 (3d Cir. 2000). Petitioner alleges the Magistrate Judge erred in denying his request, citing to several treatises on eyewitness identification. (Objections at 10). I agree with Judge Sitarski's recommendation because an evidentiary hearing could not cure petitioner's procedural default even if the treatises cited by petitioner are scientifically reliable.

Petitioner's final three objections focus on the sufficiency of the evidence relied on at trial in convicting him. (Objections at 11–13). He argues that the "inherent unreliability" of the victim's eyewitness identification of him, coupled with the victim's recantation at trial, precluded a finding of guilt beyond a reasonable doubt. The relevant inquiry for sufficiency "is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Johnson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). The gist of petitioner's sufficiency arguments focus on the credibility of witnesses and the inferences drawn at trial, which are matters solely within the province of the jury to determine. Id.; United States v. Boria, 592 F.3d 476, 480 (3d Cir. 2010) (emphasizing that courts "must be ever vigilant . . . not to usurp the role of the jury by weighing credibility and assigning weight to the evidence, or by substituting [the court's] judgment for that of the jury"). Whether the victim's pretrial identification of petitioner or the trial testimony of the victim, Officer Reilly, and C.I. Strickler were believable are questions that the jury resolved. Upon *de novo* review, I find that a rational trier of fact "could have found the essential elements beyond a reasonable doubt" to convict petitioner. Johnson, 443 U.S. at 319. Accordingly, petitioner's objections regarding sufficiency are overruled.

3.	The petition for a writ of habeas corpus is **DISMISSED** with prejudice;

4.	A certificate of appealability **WILL NOT ISSUE**; and

5.	The Clerk is directed to mark this case **CLOSED**.


							BY THE COURT

							/s/ Lawrence F. Stengel
							LAWRENCE F. STENGEL, J.